# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MACKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE APPEALS OFFICE, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00624-DAD-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. No. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff David E. Mackey ("Plaintiff"), a detainee at Coalinga State Hospital proceeding *pro se*, initiated this civil action on April 16, 2020. (Doc. No. 1). The matter was transferred to this Court on May 1, 2020. (Doc. No. 4). Concurrent with his complaint, Plaintiff filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

**I.    Application to Proceed in Forma Pauperis**

Plaintiff has requested leave to proceed *in forma pauperis* pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a),

and accordingly, the request to proceed *in forma pauperis* is GRANTED.  28 U.S.C. § 1915(a).

**II.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff, a civil detainee, brings this civil rights action for return of his federal tax refund.  He names the following defendants: (1) Department of the Treasury Internal Revenue Service Appeals Office; (2) Vanessa R. Barr; and (3) Melissa L. Sander, Appeals Team Manager.

In his sole claim for relief, Plaintiff asserts that Defendant Barr violated his "constitutional federal civil rights" and alleges as follows:

> I, Mr:David E. Mackey, did file a appeal, with the Office of Appeals, which is an independent organization within the (IRS) they had disallowed my claim on Check No. 403848539822- 201822889100; Tax Periods:  Dec. 31, 2017.  The (IRS) issued

2

>   a check for ($861.77) on August 24th, 2018.  On Tuesday August 28th, 2018, I signed the back of my refund check ….  I inadvertently mailed the check back to the Department of the Treasury, and never did cash the check.  You say that your records show that I had filed my claim late.  And I didn't receive this letter in reply refer to: 1181502400 [until] Dec.  Dec. 19, 2018 LTR 129C 0 … 201712 30 00000667 BODC-WI from the (IRS) Department of the Treasury (IRS) Atlanta GA 39901-0001; Enclosures:  Copy of the letter envelope and form (3911) by Jacqueline D. Francois Operation (2) Manager  If I did file my claim late, it was because of the government shut down and waiting for the (IRS) to re-open:

(Doc. No. 1 at 4.) [1]  Plaintiff further alleges that he was given the refund check in the amount of $861.77 by Defendants Barr and Sanders.  He asserts that he should receive more interest for his pain and suffering.  (*Id.*)  As noted above, he is requesting that his refund check be returned and deposited into his savings account.  (*Id.* at 7.)

According to the allegations and the documents attached to the complaint, the Department of Treasury issued Plaintiff a tax refund check for $861.77 on August 24, 2028.  (Doc. No. 1 at 20.)  Plaintiff allegedly received the check, endorsed it and inadvertently returned it to the Department of Treasury on August 28, 2018.  (*Id.* at 4.)  On September 8, 2018, Plaintiff submitted an inquiry regarding the return of his refund.  (*Id.* at 15.)  The Department of Treasury responded on December 19, 2018, indicating that Plaintiff had been issued a check on August 24, 2018.  (*Id.* at 20.)

On September 4, 2019, the Department of Treasury disallowed Plaintiff's claim for a refund based on information that the form(s) W-2, wage and tax statement attached to his return misrepresented his correct income and/or federal tax withheld.  (Doc. No. 1 at 25.)  Plaintiff

---

[1]   Plaintiff's complaint contains personal data identifiers, such as financial account numbers, Social Security numbers and dates of birth, that should be omitted or, where reference is necessary, partially redacted from all pleadings, documents and exhibits filed with Court.  *See* Local Rule 140(a).  In the event Plaintiff files additional documents, then he must partially redact all personal data identifiers from the pleading and in any exhibits.  For financial account numbers, identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.  Local Rule 140(a)(ii).  For Social Security numbers, use only the last four numbers.  Local Rule 140(a)(iii).  For dates of birth, use only the year.  Local Rule 140(a)(iv).

Plaintiff is advised that neither the Clerk nor the Court will review filed documents for compliance, nor will the Court as a matter of course seal on its own motion documents containing personal data identifiers or redact documents.  Local Rule 140(e).

appealed the decision on September 10, 2019. (*Id.* at 10-14.) Subsequently, on March 18, 2020, the Department of Treasury disallowed Plaintiff's claim and informed him of his right to bring suit in the United States District Court. (*Id.* at 33.)

## IV.    Discussion

### A.    Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims against the Department of Treasury and the individual federal employees. In particular, the nature of Plaintiff's claims against the entity defendant and its employees is unclear. If Plaintiff elects to amend his complaint, he must include factual allegations sufficient to state a plausible claim relief.

### B.    Civil Rights Action Pursuant to 42 U.S.C. § 1983

Plaintiff purports to bring his claim for a tax refund as a civil rights action under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.1986).

Plaintiff names the United States Department of Treasury and federal employees. He has

not alleged that any of the federal defendants was acting under color of state law. Further, section 1983 provides no claim against federal officers acting under color of federal law. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir.1995).

### C. Civil Rights Action Against Federal Employees and Federal Agencies

To the extent Plaintiff purports to bring a claim against the IRS (Department of Treasury) and federal employees for an alleged violation of his rights under the federal Constitution, he may not do so. In appropriate cases, actions against federal officials may be cognizable under *Bivens v. Six Unknown Named Federal Agent of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, *Bivens* claims are unavailable against IRS auditors and officials in their individual capacities "[b]ecause the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection." *Id.* at 1186. *Bivens* claims are also unavailable against the United States, federal agencies, or federal employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Ibrahim v. Dep't of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008) (no *Bivens*-like cause of action available against federal agencies or federal agents sued in their official capacities); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against IRS employee for actions taken in his/her official capacity is suit against United States).

### D. Claim for Tax Refund

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. 7422(a). *See Dutch v. Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013). Section 7422(a) provides:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been

5

> duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in full, but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

Here, the allegations in the complaint and the documents attached to the complaint support an inference that Plaintiff filed a refund claim after mistakenly returning his refund check, that his claim was disallowed, and that he had two years to sue after denial of that claim on March 18, 2020. Accordingly, it appears that Plaintiff has stated a cognizable claim with respect to his tax refund.

However, in a suit for a tax refund under 26 U.S.C. § 7422(a), the proper defendant is the United States, not the IRS or a governmental employee or officer. *See* 26 U.S.C. § 7422(f)(1); *Mays v. Internal Revenue Serv.*, No. 1:19-cv-0344 AWI SAB, 2019 WL 6170784, at *2 (E.D. Cal. Nov. 20, 2019). Section 7422(f)(2) provides in relevant part:

> If a suit or proceeding brought in a United States district court against an officer or employee of the United States (or former officer or employee) or his personal representative is improperly brought solely by virtue of paragraph (1), the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced, upon proper service of process on the United States.

Because the statute directs the Court to order amendment of the pleadings to effectuate substitution of the correct party, the Court finds that Plaintiff has stated a cognizable claim against the United States. *Reyes v. Dep't of Treasury*, No. 1:09-cv-00319-LJO-SMS, 2009 WL 981604, at *5 (E.D. Cal. Apr. 10, 2009), as amended (Apr. 14, 2009), report and recommendation adopted, No. 1:09-cv-00319-LJO-SMS, 2009 WL 1798150 (E.D. Cal. June 24, 2009) (finding plaintiff stated cognizable tax refund claim against United States on screening and ordering amendment of complaint to substitute United States as proper defendant).

As discussed below, if Plaintiff elects to proceed only on this claim, then the Court will recommend that the complaint be deemed amended to reflect substitution of the Unites States as the Defendant in this action upon proper service of process on the United States. If, instead,

Plaintiff chooses to file an amended complaint, then Plaintiff is advised that he must name the proper defendant.

### V.     Conclusion and Order

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against the United States, but he does not state any other cognizable claims.  Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, then he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim.  The Court will then recommend that the remaining claims and defendants be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the

       Court in this order; or

   b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his cognizable claim against the United States related to his tax refund; and

 3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

 Dated: **May 18, 2020**    /s/ *Barbara A. McAuliffe*
               UNITED STATES MAGISTRATE JUDGE