# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MACKEY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:20-cv-00624-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(Doc. 28)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David E. Mackey ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this tax refund action against Defendant United States of America pursuant to 26 U.S.C. § 7422. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.   Background**

On June 14, 2021, Defendant filed a motion for summary judgment on the ground that there is no genuine dispute as to any material fact that Plaintiff did not have an overpayment of tax during the 2017 tax year and is not owed a refund. Fed. R. Civ. P. 56. (Doc. 22.) Plaintiff was provided with notice pursuant to Local Rule 230(l) that any opposition to the granting of the motion must be in writing and served no more than twenty-one (21) days after the date of service

1

of the motion.  (*Id.* at 2.)  As directed by the Court, Defendant re-served Plaintiff with the motion for summary judgment by mail on July 27, 2021, and July 30, 2021.  (Docs. 24, 25.)  Plaintiff did not file a timely opposition to the motion for summary judgment.

Following Plaintiff's failure to file an opposition or otherwise communicate with the Court, on September 7, 2021, the Court issued an order informing Plaintiff of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (Doc. 28.)  Plaintiff was granted an extension of time and the Court ordered Plaintiff to file his opposition to Defendant's motion for summary judgment in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260 within twenty-one (21) days from the date of service.  (*Id.* at 4.)  Plaintiff was warned that if he failed to comply with the Court's order, then the Court would recommend that this action be dismissed, with prejudice, for failure to prosecute.  (*Id.*)  Plaintiff's opposition was due on or before October 1, 2021.  Plaintiff has not filed an opposition or otherwise contacted the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than a year and a half, and Plaintiff's response or opposition to Defendant's June 2021 motion for summary judgment is overdue. Plaintiff was granted additional time to submit his opposition to Defendant's motion for summary judgment, but he has failed to comply. Plaintiff was warned that his failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute.

Plaintiff is obligated to comply with the Local Rules and was informed by Defendant and this Court of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and the notice, Plaintiff did not file an opposition. Plaintiff has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to Defendant's summary judgment motion, despite being provided multiple opportunities and an extension of time to do so. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's September 7, 2021 order expressly warned Plaintiff that if he failed to comply with the order, then this matter would be

dismissed, with prejudice, for failure to prosecute. (Doc. 28 at 4.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case Plaintiff is no longer prosecuting.

### III. Order and Recommendation

Accordingly, the Court finds that dismissal is the appropriate and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 15, 2021**                    /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE